UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEAN MARC VAN DEN HEUVEL,<br><br>    Plaintiff,<br><br>    v.<br><br>MIA COSTELLO, et al.,<br><br>    Defendants. | No. 2:23–cv–253-KJN PS<br><br>ORDER GRANTING IFP REQUEST AND GRANTING LEAVE TO AMEND<br><br>(ECF No. 2.) |

Plaintiff Jean Marc Van den Heuvel, who is proceeding without counsel in this action, requests leave to proceed in forma pauperis ("IFP").[1] (ECF No. 2.) See 28 U.S.C. § 1915. Plaintiff's affidavit makes the required showing, and so plaintiff's request is granted.

However, the determination that a plaintiff may proceed without payment of fees does not complete the inquiry. Under the IFP statute, the court must screen the complaint and dismiss any claims that are "frivolous or malicious," fail to state a claim on which relief may be granted, or seek monetary relief against an immune defendant. 28 U.S.C. § 1915(e)(2). Further, the federal court has an independent duty to ensure it has subject matter jurisdiction in the case. See United Investors Life Ins. Co. v. Waddell & Reed Inc., 360 F.3d 960, 967 (9th Cir. 2004).

---

[1] This action was directly assigned to the undersigned pursuant to Appendix A sub. (m) of the court's Local Rules. Further, actions where a party proceeds without counsel are referred to a magistrate judge pursuant to E.D. Cal. L.R. 302(c)(21). See 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72.

**Legal Standards**

Pro se pleadings are to be liberally construed. Hebbe v. Pliler, 627 F.3d 338, 342 & n.7 (9th Cir. 2010) (liberal construction appropriate even post–Iqbal). Prior to dismissal, the court is to tell the plaintiff of deficiencies in the complaint and provide an opportunity to cure—if it appears at all possible the defects can be corrected. See Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000) (en banc). However, if amendment would be futile, no leave to amend need be given. Cahill v. Liberty Mut. Ins. Co., 80 F.3d 336, 339 (9th Cir. 1996).

### i. Subject Matter Jurisdiction

The court must dismiss a case if, at any time, it determines that it lacks subject matter jurisdiction. Rule 12(h)(3).[2] A federal district court generally has original jurisdiction over a civil action when: (1) a federal question is presented in an action "arising under the Constitution, laws, or treaties of the United States" or (2) there is complete diversity of citizenship and the amount in controversy exceeds $75,000. See 28 U.S.C. §§ 1331, 1332(a). Under the well-pleaded complaint rule, "federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." Caterpillar Inc. v. Williams, 482 U.S. 386, 392 (1987). If original subject matter jurisdiction is established, a court may exercise ancillary jurisdiction over a state law claim so long as it is "so related to claims in the action within such original jurisdiction." See 28 U.S.C. § 1367.

### ii. Complaint's Failure to State a Claim

A claim may be dismissed because of the plaintiff's "failure to state a claim upon which relief can be granted." Rule 12(b)(6). A complaint fails to state a claim if it either lacks a cognizable legal theory or sufficient facts to allege a cognizable legal theory. Mollett v. Netflix, Inc., 795 F.3d 1062, 1065 (9th Cir. 2015). To avoid dismissal for failure to state a claim, a complaint must contain more than "naked assertions," "labels and conclusions," or "a formulaic recitation of the elements of a cause of action." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-57 (2007). In other words, "[t]hreadbare recitals of the elements of a cause of action,

---

[2] Citation to the "Rule(s)" are to the Federal Rules of Civil Procedure, unless otherwise noted.

1  supported by mere conclusory statements do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678
2  (2009).  Thus, a complaint "must contain sufficient factual matter, accepted as true, to state a
3  claim to relief that is plausible on its face."  Id.  "A claim has facial plausibility when the plaintiff
4  pleads factual content that allows the court to draw the reasonable inference that the defendant is
5  liable for the misconduct alleged."  Id.
6  When considering whether a complaint states a claim upon which relief can be granted,
7  the court must accept the well-pleaded factual allegations as true, Erickson v. Pardus, 551 U.S.
8  89, 94 (2007), and construe the complaint in the light most favorable to the plaintiff, see Papasan
9  v. Allain, 478 U.S. 265, 283 (1986).  The court is not, however, required to accept as true
10 "conclusory [factual] allegations that are contradicted by documents referred to in the complaint,"
11 or "legal conclusions merely because they are cast in the form of factual allegations."  Paulsen v.
12 CNF Inc., 559 F.3d 1061, 1071 (9th Cir. 2009).

### iii.  Amending a Complaint

14 A party is permitted to amend its pleading once if done within 21 days of serving its
15 original pleading, or 21 days after service of a responsive pleading or a motion under Rule 12 (b),
16 (e), or (f).  Fed. R. Civ. P. 15(a)(1).  Absent one of the two scenarios, a party may only amend its
17 pleading if it obtains the opposing party's written consent or the court's leave, which is freely
18 given if justice so requires.  Fed. R. Civ. P. 15(a)(2).  Although the court interprets Rule 15(a)(2)
19 with "extreme liberality," a court may deny a party leave to amend if it "would prejudice the
20 opposing party, produce an undue delay in the litigation, or result in futility for lack of merit."
21 See Jackson v. Bank of Hawaii, 902 F.2d 1385, 1387 (9th Cir. 1990).

**Analysis**

23 The first issue before the court is which complaint is to be treated as the operative
24 complaint.  On February 9, 2023, plaintiff filed his original complaint alleging ADA employment
25 discrimination.  (ECF No. 1.)  On April 7, 2023, plaintiff filed a First Amended Complaint
26 ("1AC") on a form entitled "Complaint for a Civil Case Alleging Negligence."   (ECF No. 4.)
27 Because plaintiff had not served defendants in this action, the court treats the 1AC as the
28 operative complaint and disregards the original complaint.  See Fed. R. Civ. P. 15 (a party may

1 amend its complaint once as a matter of right within 21 days after serving its complaint); CDK
2 Glob. LLC v. Brnovich, 16 F.4th 1266, 1274 (9th Cir. 2021) (noting that an amended complaint
3 supersedes an original complaint).

4     Despite the use of this form complaint, it is unclear what the basis for plaintiff's claim is.
5 Plaintiff states he moved to the United States in 1965 after his mother died of heart failure, and he
6 claims to have "endured massive … injuries … [due to] persecutions, thefts, [and] robberies" by
7 unnamed "abusive natural street people." (ECF No. 4 at 4.) Plaintiff mentions a murder,
8 language barriers, and "cold experiences" at a courthouse. (Id.) Some kind of incident occurred
9 on March 3, 2023, at the Placerville Courthouse. (Id. at 4.) However, plaintiff names as
10 defendants Mia Costello, an apartment manager, and C.B.M. Properties Managements, a
11 management company. (Id. at 2.) Plaintiff makes mention of the "A.D.A" on this Negligence
12 Form Complaint, which the court will presume to mean the Americans with Disabilities Act.
13 However, the court cannot decipher what, if anything, happened that could be logically linked to
14 a cognizable ADA claim aside from the fact that he claims to be a stroke survivor. (Id. at 1.) The
15 form complaint cites 28 U.S.C. § 1332 for diversity of citizenship jurisdiction. (Id. at 1.)
16 Plaintiff seeks one million dollars in damages. (Id. at 4.)

17     Construing this as an allegation of negligence, the court finds that it would not have
18 subject matter jurisdiction over any such standalone claim. To meet subject matter jurisdiction,
19 the court checks: (1) whether the case involves a federal question, or (2) if all plaintiffs are
20 diverse from all defendants and the amount in controversy exceeds $75,000. See 28 U.S.C.
21 §§ 1331, 1332(a). It appears plaintiff and all non-corporation defendants are residents of
22 California, and defendant "The CBM Group"[3] (the apartment management company) is
23 incorporated in the state of California. (ECF No. 4 at 1-2.) Thus there is no complete diversity

---

[3] Plaintiff identified defendant property management company as "C.B.M. Properties Managements" in his complaint. After a cursory search, the court was able to locate a business, "The CBM Group Inc.," which is incorporated in the State of California and matches the address plaintiff wrote in the amended complaint of 1010 Racquet Club Dr. Auburn, California. See (ECF No. 4 at 2.); *California Secretary of State*, https://bizfileonline.sos.ca.gov/search/business (last visited April 12, 2023); see Fed. R. Civ. P. 201 (the court may take judicial notice of facts found in sources whose accuracy cannot reasonably be questioned).

here for diversity jurisdiction purposes.  See 28 U.S.C. § 1332(a) (both the amount in controversy and the complete diversity requirements must be met for diversity jurisdiction); 28 U.S.C. § 1332(c)(1) (a corporation is a citizen of the state where it is incorporated and its principal place of business).  Further, regarding federal question jurisdiction, plaintiff's 1AC alleges negligence, but negligence alone would not give rise to federal question jurisdiction.  28 U.S.C. § 1331 (providing that federal courts have original jurisdiction over all civil actions that "arise under" the Constitution or laws of the United States); Merrell Dow Pharms. Inc. v. Thompson, 478 U.S. 804, 808 (1986) (noting that most federal-question jurisdiction cases are those in which federal law creates a cause of action); see also, e.g., K.C. v. Victor Valley Transit Auth., 2018 WL 6219787, at *1 (C.D. Cal. Nov. 7, 2018) (finding lack of subject matter jurisdiction where plaintiff alleged state law causes of action of negligence and negligent infliction of emotional distress).  Thus, this court has no subject matter jurisdiction over the claims alleged in plaintiff's 1AC, which ends the inquiry on this form complaint.

**Leave to Amend**

Despite the dismissal of the 1AC, and in light of plaintiff's pro se status, the court cannot say that it would be wholly futile to allow plaintiff to amend his complaint.  The court notes that in the original complaint, it appears plaintiff was attempting to assert a claim under the ADA, though for employment discrimination.  Despite this fact, it does not appear plaintiff was employed by defendants.  Nunes v. Wal–Mart Stores, Inc., 164 F.3d 1243, 1246 (9th Cir. 1999) (stating that to establish a prima facie case of employment discrimination under the ADA, the complaint must allege:  (1) plaintiff has a disability within the meaning of the ADA; (2) plaintiff is capable of performing the essential functions of the job; and (3) the employer terminated plaintiff due to his disability).  Instead, his interactions appear to have been related to an application to rent an apartment.  If plaintiff wishes to bring an ADA discrimination claim against a private entity under Title III, plaintiff must allege sufficient facts to establish:  (1) plaintiff is disabled within the meaning of the ADA; (2) defendant is a private entity that owns, leases, or operates a place of public accommodation; and (3) plaintiff was denied public accommodations due to plaintiff's disability.  Molski v. M.J. Cable, Inc., 481 F.3d 724, 730 (9th Cir. 2007).  If

plaintiff wishes to bring a negligence claim alongside any federal claim, plaintiff must clearly include coherent facts for each of the negligence elements provided under the Statement of Claim section (see the form complaint). Given this fact, the court finds it appropriate to grant plaintiff an opportunity to amend the complaint. See Lopez, 203 F.3d at 1130-31 (indicating that prior to dismissal, the court is to tell the plaintiff of deficiencies in the complaint and provide an opportunity to cure—if it appears at all possible the defects can be corrected).[4]

## STANDARDS FOR AMENDMENT

If plaintiff elects to file an amended complaint, this new pleading shall also:

i. be captioned "Second Amended Complaint";
ii. be limited to 5 pages, with text utilizing a font size of 12 Times New Roman or equivalent and double spacing (*pages exceeding the page limit will be summarily stricken and will not be considered part of plaintiff's operative pleading*);
iii. list which claims he intends to raise against each defendant, and under each section, list the factual allegations supporting that particular claim;
iv. include a general background facts section to orient the reader only as necessary;
v. include his statements for jurisdiction, venue, and relief sought as is necessary;
vi. omit exhibits, documents, photos, or other such "evidence" of his claims (except for any contracts on which he bases any breach of contract claim);
vii. refrain from alleging redundant, immaterial, impertinent, or scandalous matters;
viii. address any other pleading deficiencies outlined above; and
ix. be filed within 28 days of this order.

Plaintiff is informed that the court cannot refer to a prior complaint or other filing in order to make plaintiff's amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. As a general rule, a valid amended complaint supersedes other pleadings, and once the valid amended complaint is filed, the original complaint no longer serves any function.

///

---

[4] To the extent the original complaint intended to bring a claim under 42 U.S.C. § 1983 against the apartment manager or managing company, such a claim would fail because a 1983 claim cannot be brought against private individuals or business entities that do not act under color of state law. See Franklin v. Fox, 312 F.3d 423, 444 (9th Cir. 2002). Similarly, if plaintiff intended to bring forth a 1983 claim against the judicial staff of the Placerville Courthouse for acts made in association with the judicial process, that claim would also fail due to judicial immunity. See Demoran v. Witt, 781 F.2d 155, 156 (9th Cir. 1985) ("Courts have extended absolute judicial immunity from damage actions under 42 U.S.C. § 1983 not only to judges but also to officers whose functions bear a close association to the judicial process.").

Finally, nothing in this order requires plaintiff to file an amended complaint.  If plaintiff determines that he is unable to amend his complaint in compliance with the court's order at this time, he may alternatively file a notice of voluntary dismissal of his claims without prejudice pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(i) within 28 days of this order.

## **ORDER**

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion to proceed in forma pauperis is GRANTED;
2. Plaintiff is granted 28 days from the date of this order to file either (a) an amended complaint in accordance with this order, or (b) a notice of voluntary dismissal of the action without prejudice;
3. Failure to file either an amended complaint or a notice of voluntary dismissal by the required deadline may result in the imposition of sanctions, including dismissal of the action with prejudice pursuant to Federal Rule of Civil Procedure 41(b); and
4. Given that no operative complaint exists, plaintiff's attempt to serve defendants on April 19, 2023 (ECF No. 6) is ineffective, and so no answer is currently due from any defendant.  If/when there are operative claims that make it past the court's screening process, service will be handled by the U.S. Marshal.  Plaintiff shall cease attempting to serve defendants himself.

Dated:  April 20, 2023

_[signature]_
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

AM/SD, heuv.253