UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEAN MARC VAN DEN HEUVEL,<br><br>Plaintiff,<br><br>v.<br><br>MIA COSTELLO, et al.,<br><br>Defendants. | No.  2:23-cv-253-TLN-KJN PS<br><br>FINDINGS AND RECOMMENDATIONS TO DISMISS WITH PREJUDICE |

Plaintiff Jean Marc Van den Heuvel, proceeding without counsel in this action, requested leave to proceed in forma pauperis.[1] See 28 U.S.C. § 1915.  The court granted plaintiff's request, screened the first amended complaint but found it deficient, and granted plaintiff leave to amend. Thereafter, plaintiff filed a second amended complaint in May of 2022, followed by a "notice re clarification" of the second amended complaint and, two months later, another second amended complaint.  (ECF Nos. 8, 9, 15.)

For the reasons that follow, the undersigned recommends this case be dismissed, no further leave be granted, and the case be closed.

///

---

[1] This action was directly assigned to the undersigned pursuant to Appendix A sub. (m) of the court's Local Rules.  Further, actions where a party proceeds without counsel are referred to a magistrate judge pursuant to E.D. Cal. L.R. 302(c)(21).  See 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72.

1

**Legal Standards**

Pro se pleadings are to be liberally construed. Hebbe v. Pliler, 627 F.3d 338, 342 & n.7 (9th Cir. 2010) (liberal construction appropriate even post–Iqbal). Prior to dismissal, the court is to tell the plaintiff of deficiencies in the complaint and provide an opportunity to cure—if it appears at all possible the defects can be corrected. See Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000) (en banc). However, if amendment would be futile, no leave to amend need be given. Cahill v. Liberty Mut. Ins. Co., 80 F.3d 336, 339 (9th Cir. 1996).

### i. Subject Matter Jurisdiction

The court must dismiss a case if, at any time, it determines that it lacks subject matter jurisdiction. Rule 12(h)(3).[2] A federal district court generally has original jurisdiction over a civil action when: (1) a federal question is presented in an action "arising under the Constitution, laws, or treaties of the United States" or (2) there is complete diversity of citizenship and the amount in controversy exceeds $75,000. See 28 U.S.C. §§ 1331, 1332(a). Under the well-pleaded complaint rule, "federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." Caterpillar Inc. v. Williams, 482 U.S. 386, 392 (1987). If original subject matter jurisdiction is established, a court may exercise ancillary jurisdiction over a state law claim so long as it is "so related to claims in the action within such original jurisdiction." See 28 U.S.C. § 1367.

### ii. Complaint's Failure to State a Claim

A claim may be dismissed because of the plaintiff's "failure to state a claim upon which relief can be granted." Rule 12(b)(6). A complaint fails to state a claim if it either lacks a cognizable legal theory or sufficient facts to allege a cognizable legal theory. Mollett v. Netflix, Inc., 795 F.3d 1062, 1065 (9th Cir. 2015). To avoid dismissal for failure to state a claim, a complaint must contain more than "naked assertions," "labels and conclusions," or "a formulaic recitation of the elements of a cause of action." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-57 (2007). In other words, "[t]hreadbare recitals of the elements of a cause of action,

---

[2] Citation to the "Rule(s)" are to the Federal Rules of Civil Procedure, unless otherwise noted.

supported by mere conclusory statements do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Thus, a complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Id. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

When considering whether a complaint states a claim upon which relief can be granted, the court must accept the well-pleaded factual allegations as true, Erickson v. Pardus, 551 U.S. 89, 94 (2007), and construe the complaint in the light most favorable to the plaintiff, see Papasan v. Allain, 478 U.S. 265, 283 (1986). The court is not, however, required to accept as true "conclusory [factual] allegations that are contradicted by documents referred to in the complaint," or "legal conclusions merely because they are cast in the form of factual allegations." Paulsen v. CNF Inc., 559 F.3d 1061, 1071 (9th Cir. 2009).

### iii. Amending a Complaint

A party is permitted to amend its pleading once if done within 21 days of serving its original pleading, or 21 days after service of a responsive pleading or a motion under Rules 12(b), (e), or (f). Fed. R. Civ. P. 15(a)(1). Absent one of the two scenarios, a party may only amend its pleading if it obtains the opposing party's written consent or the court's leave, which is freely given if justice so requires. Fed. R. Civ. P. 15(a)(2). Although the court interprets Rule 15(a)(2) with "extreme liberality," a court may deny a party leave to amend if it "would prejudice the opposing party, produce an undue delay in the litigation, or result in futility for lack of merit." See Jackson v. Bank of Hawaii, 902 F.2d 1385, 1387 (9th Cir. 1990).

**Analysis**

Previously before the court were two filings by plaintiff: an original complaint and a first amended complaint ("1AC"). (ECF Nos. 1, 4.) The court determined that because plaintiff filed the 1AC before service on any defendant, it would be treated as the operative complaint. (ECF No. 7.) The court screened the 1AC and construed it as plaintiff's attempt to state a claim for negligence against a property management company and one of its employees. The court found the complaint failed to state a claim within the court's subject matter jurisdiction and granted

plaintiff leave to amend.  (Id.)  The court noted a reference to the "A.D.A.," but this appeared to reference employment discrimination as an errant cite.  (Id.)  The court informed plaintiff that if he intended to bring some kind of disability discrimination claim under the Americans With Disabilities Act, he should allege facts meeting one of the general legal standards for the particular Title he might rely on.  (Id.)

Plaintiff's three subsequent filings fail to cure the deficiencies identified by the court in its prior order.  To start, plaintiff's first "Second Amended Complaint" (ECF No. 8) appears to concern another of plaintiff's many lawsuits filed in this court.  The other two filings (ECF Nos. 9 and 15) each name the same defendants as the original complaint and 1AC (C.B.M. Property Management and Mia Costello) and so these appear proper to analyze here.

The "Clarifications" filing contains a sprawling narrative of complaints that is difficult to discern.  Regarding the two named defendants, it appears that at some point, plaintiff attempted to use a restroom at the property management company's office, but defendant Costello denied him this opportunity because the office had no public restrooms.  Plaintiff also generally contends that disabled individuals should not be denied housing, but provides no facts to indicate he was denied housing because of his disability.[3]  The remainder of this filing concerns plaintiff's interactions with law enforcement, California state courts, and the California Department of Corrections and Rehabilitation, as well as his current status as an unhoused individual.  (ECF No. 9.)  Given that this filing appears to have been the first one properly filed in this case, the court will treat this as the operative complaint filed pursuant to the court's granting of leave to amend.  Fed. R. Civ. P. 15(a)(2).

Plaintiff's other "second amended complaint" names the same defendants, but contains even less information than the "Clarifications" document about his interactions with the named defendants (though it does contain more information about his physical condition).

///

---

[3] The original complaint also indicates plaintiff submitted an application for housing, which was apparently rejected due to "lying or deliberate omission of relevant information from application" and "attempting to urinate in parking lot during interview."  (ECF No. 1 at 6.)

Given the fact that plaintiff cites the "A.D.A." in the Clarifications filing, and given the substance of his prior filings, it is likely plaintiff is attempting to state a claim under Title III of the Americans With Disabilities Act. To state a disability discrimination claim against a private entity under Title III, plaintiff must allege sufficient facts to establish: (1) plaintiff is disabled within the meaning of the ADA; (2) defendant is a private entity that owns, leases, or operates a place of public accommodation; and (3) plaintiff was denied public accommodations due to plaintiff's disability. Molski v. M.J. Cable, Inc., 481 F.3d 724, 730 (9th Cir. 2007). Though the ADA applies to places of public accommodation such as an inn, hotel, motel, or other place of lodging, courts have long held that it does not apply to residential apartment complexes. See, e.g., Hooper v. United States Dep't of Hous. & Urb. Dev., 2017 WL 2380176, at *4 (D. Or. May 31, 2017), aff'd sub nom. Hooper v. U.S. Dep't of Hous. & Urb. Dev., 744 F. App'x 473 (9th Cir. 2018) (citing Arceneaux v. Marin Hous. Auth., 2015 WL 3396673 (N.D. Cal. May 26, 2015).). The definitions section of Title III supports this interpretation, as it contains an exhaustive list of places considered "public accommodations" under the Act. 42 U.S.C. § 12181. Thus, even assuming all cognizable facts in a light favorable to plaintiff, he cannot state a disability discrimination claim against defendants for their failure to allow him the use of the restroom. Thus, any such claim should be dismissed. Further, given the court's prior grant of leave to amend and plaintiff's inability to state a claim that falls within the court's subject matter jurisdiction, leave to amend should be denied as futile. Cahill, 80 F.3d at 339.[4]

**RECOMMENDATIONS**

Accordingly, IT IS HEREBY RECOMMENDED that:

1. The action be DISMISSED WITH PREJUDICE;
2. The Clerk of Court be directed to CLOSE this case.

///

---

[4] Plaintiff filed 26 civil cases between 2016 and 2022, and just within the first half of 2023 he has already filed 10 cases in addition to this one. Many, if not most, of plaintiff's cases have been dismissed for lack of merit. Plaintiff is warned that continued abuse of the court's process could result in the entry of a vexatious litigant order against him, which would restrict his ability to file cases in this court. Plaintiff is likely aware of this mechanism, as other California courts have entered similar orders against him.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen (14) days after being served with these findings and recommendations, plaintiff may file written objections with the court.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is  advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

Dated:  September 5, 2023

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

heuv.253